M.D. Appeal Dkt.
78   2017

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| MELMARK, INC., | : | No. 580 MAL 2017 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER SCHUTT, AN | : | |
| INCAPACITATED PERSON, BY AND | : | |
| THROUGH CLARENCE E. SCHUTT AND | : | |
| BARBARA ROSENTHAL SCHUTT, HIS | : | |
| LEGAL GUARDIANS, AND CLARENCE | : | |
| E. SCHUTT AND BARBARA | : | |
| ROSENTHAL SCHUTT, INDIVIDUALLY, | : | |
| | : | |
| Respondents | : | |

## ORDER

**PER CURIAM**

     **AND NOW**, this 26th day of December, 2017, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioner, are:

1. Whether the Superior Court erred as a matter of law in finding that New Jersey's filial support statute, rather than Pennsylvania's, applied in this matter where there is no conflict between the New Jersey statute and Pennsylvania's statute under the facts of this case?

2. Whether the Superior Court erred in finding that New Jersey has a greater interest in the application of its filial support statute where, *inter alia*, *all* of the relevant contacts, with the exception of the residency of Respondents Clarence and Barbara Schutt, are with Pennsylvania; where the Schutts took affirmative actions to keep their highly disabled son in a Pennsylvania nonprofit residential and therapeutic institution, Petitioner Melmark, Inc., with the avowed aim of Melmark funding his care for his "entire life," including manipulating the Pennsylvania and

New Jersey legal systems to prevent his return to New Jersey; and where the Superior Court's decision results in Melmark being entirely uncompensated for providing an extended period of vital, intensive care for the Schutts' son?

3. Whether the Superior Court erred in finding that the lower court properly denied relief on Melmark's claims for quantum meruit and unjust enrichment?